**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FIRST MUTUAL GROUP, LP,

        Plaintiff,

v.                                  Case No. 6:14-cv-1759-Orl-37DAB

BRYAN REGUIERA,

        Defendant.

**ORDER**

This cause is before the Court on its own motion. On October 28, 2014, Plaintiff First Mutual Group, LP filed an "Original Complaint and Demand for Jury Trial," which attempted to invoke the Court's diversity jurisdiction. (*See* Doc. 1, ¶ 1.) In the Original Complaint, Plaintiff alleged that it is a limited partnership with two members: "Alternative Capital Strategies, LP, a British limited partnership and citizen of the United Kingdom, and First Mutual Group, GP LLC, a Delaware limited liability company and citizen of Delaware." (*See id.*) Plaintiff did not specify the identity or citizenship of either of its members' members.

On November 25, 2014, the Court *sua sponte* ordered Plaintiff to show cause as to why this case should not be dismissed for lack of jurisdiction. (Doc. 8.) In the Order, the Court explained that: (1) Plaintiff, as the invoking party, bears the burden of establishing the existence of federal jurisdiction; (2) establishing diversity jurisdiction requires, *inter alia*, establishing that "the citizenship of each plaintiff is diverse from the citizenship of every defendant"; (3) "[t]he citizenship of unincorporated business entities, such as limited partnerships and limited liability companies, is determined by the

citizenship of their members," with "each entity [being] a citizen of every state where one or more of its members is a citizen"; (4) this jurisdictional requirement "has the potential to be iterative," because "if even one of [a party's] members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered"; and (5) Plaintiff had therefore inadequately alleged its own citizenship, as it claimed to be an unincorporated entity whose members were themselves unincorporated entities, but it failed to identify its members' members and their citizenship. (*See id.* at 1–2 (quoting *D.B. Zwirn Special Opportunities Fund, LP v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011)).) The Court accordingly directed Plaintiff to file a written response listing "all of its members and their respective citizenships." (*Id.* at 2.) The Court specifically clarified that, "for all members who are themselves unincorporated business entities," Plaintiff "must list those members' members, and so on, and indicate the citizenship of each." (*Id.*)

On December 1, 2014, counsel for Plaintiff filed a written response which summarized his "endeavor[s]" to learn his client's citizenship but ultimately did not include the required list of Plaintiffs' members' members' citizenship. (*See* Doc. 9, p. 1.) Instead, counsel for Plaintiff represented that he would amend the Original Complaint "so as to fully delineate the Plaintiff, and its underlying principals, members and/or shareholders." (*Id.* at 3.)

Plaintiff amended its pleading on January 15, 2014. (*See* Doc. 10.) The amended pleading is virtually identical to the initial one, down to its title: "Plaintiff's Original Complaint and Demand for Jury Trial." (*Id.*) The sole difference between the two is that the amended pleading names a new individual Defendant; Plaintiff's own deficient

citizenship allegations remain unchanged. (*Compare* Doc. 1, ¶¶ 1–2, *with* Doc. 10, ¶¶ 1–2.)

Plaintiff's amended pleading (Doc. 10) is due to be dismissed for failure to adequately allege diversity jurisdiction. The Court will permit Plaintiff one more opportunity re-plead. As the Court addressed at length in its Order to Show Cause (Doc. 8), to adequately allege its own citizenship, Plaintiff must list each of its members and their citizenship, and for all of Plaintiff's members who are themselves unincorporated entities, Plaintiff must list all of those members' members and their citizenship, and so on. All necessary citizenship allegations are to be made in the amended pleading itself and not incorporated by reference to another filing, such as a certificate of interested persons and corporate disclosure statement.

The Court adds that the "intensity" of its jurisdictional scrutiny—to use Plaintiff's terminology (*see* Doc. 9, p. 3)—is far from arbitrary. "The federal courts are under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), as orders entered without jurisdiction have no effect, *see Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). Meaningful jurisdictional review mitigates the risk of expending limited resources on void litigation, and it should be accomplished at the outset of an action.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Original Complaint and Demand for Jury Trial (Doc. 10) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Friday, January 30, 2014, Plaintiff may file a second amended complaint if it can do so consistently with the directives of this Order. Failure

to file a timely and jurisdictionally sound second amended complaint will result in the Court dismissing this action without further notice and closing the file.

3. Plaintiff's Motion to Dismiss Case Against Less Than All Parties (Doc. 11) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 21, 2015.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4